THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN M. ARKOW (Cal. State Bar # 143755)
Assistant United States Attorney
Public Integrity and Environmental Crimes Section
      1305 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 894-6975
      Facsimile:  (213) 894-6436
      E-Mail:     steven.arkow@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 07-1109-_____ |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | JL ONLINE MARKETING, LLC |
| v. | ) | |
| | ) | |
| JL ONLINE MARKETING, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1.    This constitutes the plea agreement between defendant JL Online Marketing, LLC ("defendant" or "JL Online Marketing") and the United States Attorney's Office for the Central District of California ("USAO") relating to misuse of Department of the Treasury names, symbols, etc. in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2.    Defendant agrees to plead guilty to an information charging defendant with one count of violating Title 31, United

States Code, Section ("§") 333(a), (d)(1) (Prohibition of misuse of Department of the Treasury names, symbols, etc.), a misdemeanor, in the form attached to this agreement or a substantially similar form.

## NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of a violation of Title 31, United States Code, § 333(a), (d)(1), a misdemeanor, the following must be true: 1) defendant knowingly used the words "Department of the Treasury," or the name of any service of the Department of Treasury, or a symbol or emblem of the Department of the Treasury or any service of the Department of the Treasury, or any colorable imitation of any such words, symbols, or emblems; 2) in connection with, or as part of any, advertisement, solicitation, business activity, or product; 3) in a manner which could reasonably be interpreted or construed as conveying the false impression that the advertisement, solicitation, business activity, or product is approved, endorsed, sponsored, or authorized by, or associated with the Department of the Treasury, or any service or subdivision of the Department of the Treasury.

Defendant, by and through its corporate representative, its president and sole officer, Jerry Chia-Ming Lee, admits that defendant is, in fact, guilty of this offense as charged in the information and will enter such guilty plea before the district court.

## PENALTIES AND RESTITUTION

4.   The statutory maximum sentence that the Court can impose for a violation of Title 31, United States Code, § 333(a), (d)(1) is a fine of $200,000, or twice the gross gain or gross

2

1  loss resulting from the offense, whichever is greatest, five

2  years probation, and a mandatory special assessment of $125.

3                          FACTUAL BASIS

4      5.    Defendant and the USAO agree and stipulate to the

5  statement of facts set forth in Attachment 1.  This statement of

6  facts includes facts sufficient to support a plea of guilty to

7  the charge described in this agreement and to establish the

8  recommended fine to which the parties have agreed as set forth in

9  paragraph seven below.  It is not meant to be a complete

10 recitation of all facts relevant to the underlying criminal

11 conduct or all facts known to defendant that relate to that

12 conduct.  The parties reserve the right to bring additional facts

13 and evidence to the Court's attention at the time of sentencing.

14                 WAIVER OF CONSTITUTIONAL RIGHTS

15     6.    By pleading guilty, defendant gives up the following

16 rights:

17             a)   The right to persist in a plea of not guilty.

18             b)   The right to a speedy and public trial by jury.

19             c)   The right to the assistance of retained legal

20 counsel at trial (in this regard, defendant understands that,

21 despite its plea of guilty, it retains the right to retain legal

22 representation by counsel at every other stage of the

23 proceedings).

24             d) The right to be presumed innocent and to have the

25 burden of proof placed on the government to prove defendant

26 guilty beyond a reasonable doubt.

27             e) The right to confront and cross-examine witnesses

28 against defendant.

                               3

1        f) The right, if defendant wished, to present evidence
2  in opposition to the charges, including the right to call
3  witnesses and to subpoena those witnesses to testify.

4      By pleading guilty, defendant also gives up any and all
5  rights to pursue any affirmative defenses, Fourth Amendment or
6  Fifth Amendment claims, and other pretrial motions that have been
7  filed or could be filed.

8                           SENTENCING FACTORS

9      7.   Defendant and the USAO agree that an appropriate
10 disposition of this case is for the Court to impose a fine in the
11 amount of $23,000 and a $125 mandatory special assessment.
12 Defendant and the USAO calculated the fine amount based on
13 pecuniary gain to defendant from the offense of approximately
14 $23,000 pursuant to United States Sentencing Guidelines
15 § 8C2.4(a)(2).  Defendant agrees to pay the $23,000 fine and the
16 $125 special assessment at the time of sentencing.  Defendant
17 requests that the Court not impose a term of probation, nor any
18 other assessment, fine, or penalty and the USAO does not object
19 to defendant's requests.

20     8.   The stipulations in this agreement do not bind either
21 the United States Probation Office or the Court.  Defendant
22 understands that the Court is required to consider the United
23 States Sentencing Guidelines ("U.S.S.G." or "Sentencing
24 Guidelines") among other factors in determining defendant's
25 sentence.  Defendant understands, however, that the Sentencing
26 Guidelines are only advisory, and that after considering the
27 Sentencing Guidelines, the Court may be free to exercise its
28 discretion to impose any reasonable sentence up to the maximum

1  set by statute for the crime of conviction.  Both defendant and

2  the USAO are free to: (a) supplement the facts by supplying

3  relevant information to the United States Probation Office and

4  the Court, (b) correct any and all factual misstatements relating

5  to the calculation of the sentence, and (c) argue on appeal and

6  collateral review that the Court's sentencing calculations are,

7  or are not, error, although each party agrees to maintain its

8  view that the calculations in paragraph seven are consistent with

9  the facts of this case.

10      9.   Defendant requests that defendant be sentenced

11  immediately following the entry of defendant's guilty plea.  The

12  USAO does not object to defendant's request.  Defendant and the

13  USAO stipulate and agree that there is sufficient information in

14  the record to enable the Court to exercise its sentencing

15  authority meaningfully without a presentence investigation or

16  report.  To the extent defendant has a right to a presentence

17  investigation and preparation of a presentence report, defendant

18  hereby knowingly, voluntarily, and intelligently waives that

19  right.  If the Court determines that sentencing without a

20  presentence investigation and report is appropriate, defendant

21  and the USAO request that the Court find, pursuant to Federal

22  Rule of Criminal Procedure 32(c)(1), that the information in the

23  record is sufficient to enable the Court to exercise its

24  sentencing authority meaningfully without a more complete

25  presentence investigation and report.  Defendant and the USAO

26  understand and agree that, in the event that the Court declines

27  to make this finding and instead orders that a presentence

28  investigation be conducted and/or a presentence report prepared,

1 such action shall have no effect on the validity of this
2 Agreement or any of its terms or conditions and shall not provide
3 a basis for either party to withdraw from the plea agreement.
4                    DEFENDANT'S OBLIGATIONS
5      10.  Defendant agrees that it will:
6           a) Plead guilty as set forth in this agreement, by and
7 through its corporate representative, Jerry Chia-Ming Lee.
8           b) Not knowingly and willfully fail to abide by all
9 sentencing stipulations contained in this agreement.
10          c) Not knowingly and willfully fail to: (i) appear as
11 ordered for all court appearances; and (ii) obey any other
12 ongoing court order in this matter.
13          d) Not commit any crime; however, offenses which would
14 be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are
15 not within the scope of this agreement.
16          e) Not knowingly and willfully fail to be truthful at
17 all times with Pretrial Services, the U.S. Probation Office, and
18 the Court.
19          f) Pay the $23,000 fine and $125 special assessment at
20 or before the time of sentencing.
21                    THE USAO'S OBLIGATIONS
22     11.  If defendant complies fully with all defendant's
23 obligations under this agreement, the USAO agrees to abide by all
24 sentencing stipulations contained in this agreement.  Further,
25 except for a one-count information charging defendant only with
26 violation of Title 31, United States Code, § 333(a), (d)(1), a
27 misdemeanor, and for criminal tax violations (including
28 conspiracy to commit such violations chargeable under 18 United

6

1  States Code, § 371), if any, the USAO agrees not to prosecute
2  defendant or Jerry Chia-Ming Lee for any offense or claim
3  relating to, arising from or out of, or connected with, any
4  conduct which precedes the date of this agreement, and (a) is
5  described in Title 31, United States Code, § 333; or (b) is
6  referenced in the stipulated factual basis set forth in
7  Attachment 1; or (c) relates to, or is connected with,
8  defendant's agreement to online advertise on behalf of TaxACT.
9                        BREACH OF AGREEMENT
10      12.  If defendant, at any time between the execution of this
11  agreement and defendant's sentencing, knowingly violates or fails
12  to perform any of defendant's obligations under this agreement
13  ("a breach"), the USAO may declare this agreement breached.  If
14  the USAO declares this agreement breached, and the Court finds
15  such a breach to have occurred, defendant will not be able to
16  withdraw defendant's guilty plea, and the USAO will be relieved
17  of all of its obligations under this agreement.
18      13.  Following a knowing and willful breach of this
19  agreement by defendant, should the USAO elect to pursue any
20  charge that was either dismissed or not filed as a result of this
21  agreement, then:
22           a) Defendant agrees that any applicable statute of
23  limitations is tolled between the date of defendant's signing of
24  this agreement and the commencement of any such prosecution or
25  action.
26           b) Defendant gives up all defenses based on the statute
27  of limitations, any claim of preindictment delay, or any speedy
28  trial claim with respect to any such prosecution, except to the

7

1  extent that such defenses existed as of the date of defendant's

2  signing of this agreement.

3          c) Defendant agrees that: (i) any statements made by

4  defendant, under oath, at the guilty plea hearing; (ii) the

5  stipulated factual basis statement in this agreement; and (iii)

6  any evidence derived from such statements, are admissible against

7  defendant in any future prosecution of defendant, and defendant

8  shall assert no claim under the United States Constitution, any

9  statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of

10  the Federal Rules of Criminal Procedure, or any other federal

11  rule, that the statements or any evidence derived from any

12  statements should be suppressed or are inadmissible.

13          LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

14      14.  Defendant gives up the right to appeal any sentence

15  imposed by the Court, and the manner in which the sentence is

16  determined, provided that (a) the sentence is within the

17  statutory maximum specified above and is constitutional, and (b)

18  the fine does not exceed $23,000.  Defendant also gives up any

19  right to bring a post-conviction collateral attack on the

20  conviction or sentence, except a post-conviction collateral

21  attack based on a claim of newly discovered evidence, or an

22  explicitly retroactive change in the applicable Sentencing

23  Guidelines, sentencing statutes, or statute of conviction.

24      15.  The USAO gives up its right to appeal the sentence,

25  provided that the fine is not less than $23,000.

26              SCOPE OF AGREEMENT

27      16.  The Court is not a party to this agreement and need not

28  accept any of defendant's or the USAO's sentencing

8

recommendations or the parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

17.  This agreement applies only to the crime committed by defendant as charged in the information, has no effect on any proceedings against defendant not expressly mentioned herein, and shall not preclude any past, present, or future forfeiture actions.

## NO ADDITIONAL AGREEMENTS

18.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

19.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

## EXPIRATION OF THE PLEA AGREEMENT

20.  If a fully executed copy of this agreement is not

9

1   returned to me at the United States Attorney's Office by 5:00

2   p.m. on **October 1, 2007,** this agreement will be automatically

3   withdrawn and thereafter have no legal force or effect.

4       21.   This agreement is effective upon signature by defendant

5   and an Assistant United States Attorney.

6   AGREED AND ACCEPTED

7   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

8   GEORGE S. CARDONA/THOMAS P. O'BRIEN (as of October 5, 2007)

9   United States Attorney

10  *Steven M. Arkow*                    October 11 , 2007

11  STEVEN M. ARKOW
    Assistant United States Attorney

12

13      I am the president and sole officer of defendant JL Online

14  Marketing, LLC ("defendant").  I am authorized by defendant to

15  enter into this agreement, to bind defendant, and to have it

16  enter a guilty plea to the one-count information charging a

17  violation of Title 31, United States Code, § 333(a), (d)(1), a

18  misdemeanor.  On behalf of defendant, I have read this agreement,

19  and I have carefully discussed every part of it with defendant's

20  attorney.  On behalf of defendant, I understand the terms of this

21  agreement, to which defendant voluntarily agrees.  Defendant's

22  attorney has advised me on behalf of defendant of defendant's

23  rights, of possible defenses, of the Sentencing Guideline

24  provisions, and of the consequences of entering into this

25  agreement.  No promises or inducements have been made to

26  defendant, or me on behalf of defendant, other than those

27  contained in this agreement.  No one has threatened or forced

28  defendant, or me on behalf of defendant, in any way to enter into

10

1   this agreement.  Defendant, and I, on behalf of defendant, are

2   satisfied with the representation of defendant by defendant's

3   attorney in this matter.

4   *JL Online Marketing, LLC, by Jerry Lee, not in his individual capacity, but as Authorized Representative and President of JL Online Marketing, LLC.*   Oct 01 , 2007

5   JL ONLINE MARKETING, LLC
    Defendant

6   by Its Authorized Representative and
    President, Jerry Chia-Ming Lee

7

8      I am JL Online Marketing, LLC'S attorney.  I have carefully

    discussed every part of this agreement with Jerry Chia-Ming Lee,

9   the authorized representative, president, and sole officer of

10   defendant JL Online Marketing, LLC (hereinafter "my client").

11   Further, I have fully advised my client of its rights, of

12   possible defenses, of the Sentencing Guidelines' provisions, and

13   of the consequences of entering into this agreement.  To my

14   knowledge, my client's decision to enter into this agreement is

15   an informed and voluntary one.

16

17   __(See attached page 11 for signature)__   _____ , 2007

18   McKENNA LONG & ALDRIDGE, LLP
    Counsel for Defendant JL ONLINE MARKETING, LLC

19   by ROBERT J. LAUCHLAN, JR. or WILLIAM SAYERS

20

21

22

23

24

25

26

27

28

1  this agreement.  Defendant, and I, on behalf of defendant, are

2  satisfied with the representation of defendant by defendant's

3  attorney in this matter.

4  *JL Online Marketing, LLc, by Jerry Lee, not in his*
   *individual capacity, but as Authorized Representative*
   *and President of JL Online Marketing, LLc.*     *Oct) o1* , 2007

5  JL ONLINE MARKETING, LLC
   Defendant

6  by Its Authorized Representative and
   President, Jerry Chia-Ming Lee

7       I am JL Online Marketing, LLC'S attorney.  I have carefully

8  discussed every part of this agreement with Jerry Chia-Ming Lee,

9  the authorized representative, president, and sole officer of

10 defendant JL Online Marketing, LLC (hereinafter "my client").

11 Further, I have fully advised my client of its rights, of

12 possible defenses, of the Sentencing Guidelines' provisions, and

13 of the consequences of entering into this agreement.  To my

14 knowledge, my client's decision to enter into this agreement is

15 an informed and voluntary one.

16

17 *Robert J. Lauchlan, Jr.*                    OCTOBER 1 , 2007

18 McKENNA LONG & ALDRIDGE, LLP
   Counsel for Defendant JL ONLINE MARKETING, LLC

19 by ROBERT J. LAUCHLAN, JR. or WILLIAM SAYERS

20

21

22

23

24

25

26

27

28

**ATTACHMENT 1**

**STIPULATED STATEMENT OF FACTUAL BASIS**

Defendant JL Online Marketing, LLC ("JL Online Marketing" or "defendant") was established in 2004 by its president, Jerry Chia-Ming Lee ("Lee"), and was registered as a limited liability corporation with the State of California on October 1, 2004. Defendant was located at 908 South First Street, Alhambra, California. Defendant was in the business of providing internet online marketing for other companies.

Azoogle was an end-to-end internet marketing company for advertisers. Azoogle served as a broker to facilitate marketing services between an online advertiser, such as JL Online Marketing, and third-party electronic commerce sellers. In January 2007, Azoogle posted an advertisement for another company, TaxACT, seeking an online marketing company to advertise on behalf of TaxACT. TaxACT sold tax preparation software programs that allowed taxpayers to electronically file their tax returns online. The Azoogle advertisement stated that TaxACT would pay the online marketing company $2.85 for every unit of TaxACT product that was sold as a result of the advertising the online marketing company. JL Online Marketing notified Azoogle that JL Online Marketing would do online advertising for TaxACT. JL Online Marketing developed a marketing strategy to advertise TaxACT's tax preparation software products. JL Online Marketing created an internet webpage (also known as a website) at the domain name www.moreinsight.net/irsgov by, in part, taking a snapshot of the official Department of the Treasury Internal Revenue Service ("IRS") home webpage at www.irs.gov, and

12

1  uploading the snapshot of the official IRS homepage onto
2  defendant's internet website, www.moreinsight.net/irsgov.  The
3  IRS home webpage contained the words "Department of the
4  Treasury," "Internal Revenue Service," and the eagle symbol of
5  the IRS.  The IRS is a service and subdivision of the Department
6  of the Treasury.  Defendant created the internet website
7  www.moreinsight.net/irsgov, and made it look in part like the
8  official IRS website to present information to users searching
9  for IRS-related information.  When an internet user clicked on
10 any section of defendant's website, the user was redirected to
11 the TaxACT website.

12      JL Online Marketing provided Yahoo, a global internet
13 services company that provided a search engine service, with a
14 copy of the internet webpage, www.moreinsight.net/irsgov, which
15 included, in part, a snapshot of the official IRS webpage.  JL
16 Online Marketing requested that Yahoo post
17 www.moreinsight.net/irsgov as a sponsor search result when a
18 Yahoo user typed in the search engine a keyword such as "IRS."
19 Yahoo determined that www.moreinsight.net/irsgov was relevant to
20 the key word search "IRS" and agreed that for a fee it would post
21 www.moreinsight.net/irsgov as a sponsor search result every time
22 a Yahoo user entered the key word search "IRS" on the Yahoo
23 search engine.  JL Online Marketing agreed to pay Yahoo a fee per
24 click every time a Yahoo user clicked on
25 www.moreinsight.net/irsgov from a Yahoo search.

26      From approximately February 2007 through approximately April
27 2007, Yahoo displayed www.moreinsight.net/irsgov approximately
28 2,874,913 times, www.moreinsight.net/irsgov was clicked on

                                    13

1  approximately 37,118 times, and TaxACT was clicked on
2  approximately 26,430 times through www.moreinsight.net/irsgov,
3  which resulted in the sale of approximately 9,596 TaxACT computer
4  software products through defendant's website.  Defendant was
5  paid approximately $27,348.60 as a result of the TaxACT computer
6  software programs that were purchased through a link from
7  www.moreinsight.net/irsgov.

8       Defendant admits that use in its website,
9  www.moreinsight.net/irsgov, of a snapshot of the home page of the
10 official IRS website, www.irs.gov., the words "Department of the
11 Treasury," "Internal Revenue Service," and the eagle symbol of
12 the IRS could reasonably be construed as conveying the impression
13 that the IRS endorsed, sponsored, authorized, or was associated
14 with the TaxACT product.  Defendant knew that the IRS did not
15 endorse, sponsor, or authorize, and was not associated with
16 defendant's website, www.moreinsight.net/irsgov, and the TaxACT
17 product.

18
19
20
21
22
23
24
25
26
27
28

14

1

<u>CERTIFICATE OF SERVICE</u>

2

I,   Sandy Ear  , declare:

3

That I am a citizen of the United States that my business address is Office of United

4

States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California

5

90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

6

That I am employed by the United States Attorney for the Central District of California

7

who is a member of the Bar of California, at whose direction the service by mail described in this

8

Certificate was made; that on <u>October 11, 2007</u>, I deposited in the United States Courthouse at

9

312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope,

10

a copy of: **PLEA AGREEMENT FOR DEFENDANT JL ONLINE MARKETING, LLC**

11

addressed to:   Robert J. Lauchlan, Jr.

12

McKenna Long & Aldridge
Symphony Towers

13

750 B Street, Suite 3300
San Diego, CA 92101

14

at his last  known address, at which place there is a delivery service by United States mail.

15

This Certificate is executed on <u>October 11, 2007</u>, at Los Angeles, California.

16

I certify under penalty of perjury that the foregoing is true and correct and resident or employed in

17

Los Angeles County, California.

18

19

20

21

SANDY EAR

22

23

24

25

26

27

28